# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00165-CV

**City of Seguin, Texas, Appellant**

**v.**

**Lower Colorado River Authority, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-13-000433, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The City of Seguin, Texas filed this interlocutory appeal from the trial court's denial of its plea to the jurisdiction. Seguin contends that governmental immunity shields it from a suit by the Lower Colorado River Authority regarding a wholesale electric power contract. We will affirm the order denying the plea to the jurisdiction.

According to the pleadings, the LCRA entered wholesale power agreements ("WPAs") to sell electrical power to entities including the cities of Seguin and Georgetown. The entities then sold the power to retail customers. The WPAs are long-term agreements set to expire on June 25, 2016. By letter dated June 28, 2012, however, Seguin, Georgetown, and other cities and entities declared that the LCRA had breached the WPAs and that the letter's signatories would terminate the WPAs unless the LCRA cured its breach within 30 days.

The LCRA filed this suit for injunctive relief against the June 28th letter's signatories, as well as a declaration that the LCRA did not breach the WPAs and that the June 28th letter's

signatories were not entitled to unilaterally terminate the WPAs. At different times, Georgetown and Seguin filed separate, but essentially identical, pleas to the jurisdiction. In their responses to both of these pleas, the LCRA argued that governmental immunity did not protect the cities because (1) the claims concerned their actions in performing proprietary functions, not governmental ones, and (2) any governmental immunity that might have attached was waived by Local Government Code section 271.152.[1] At separate times, the trial court denied both cities' pleas to the jurisdiction without stating a basis, and severed the claims against both cities into new causes of action distinct from the original suit and from each other. Both cities appealed.

In Georgetown's appeal, a majority of the panel affirmed the denial of Georgetown's plea to the jurisdiction. *See City of Georgetown, Tex. v. Lower Colo. River Auth.*, No. 03-12-00648-CV, 2013 WL 4516110, at *1 (Tex. App.—Austin Aug. 23, 2013, pet. filed). *Id.* The majority concluded (1) that under the common law, governmental immunity did not arise to protect municipalities from suits based on contracts entered when performing proprietary functions, (2) that Local Government Code section 271.152 did not abrogate the exclusion from immunity for suits arising from proprietary functions, (3) that Georgetown acted in its proprietary capacity when it entered the WPA with the LCRA, and (4) that, therefore, Georgetown had no governmental immunity from the LCRA's claims and that the trial court did not err in denying Georgetown's plea to the jurisdiction. *Id.* at 9.

---

[1] The LCRA also originally argued that governmental immunity did not apply because the LCRA sought only declaratory relief, not any control over or damages from Seguin. By the time the trial court denied the plea to the jurisdiction, however, the LCRA had amended its pleadings to include a request for damages for breach of contract, negating this third ground for denying the plea.

The claims and arguments in this case are similar. In this suit, which remained at the trial level after Georgetown's appeal was filed, the LCRA added claims for breach of contract, reliance, promissory estoppel, and breach of the duty of good faith and fair dealing before the trial court signed a written order denying the plea, but the LCRA then dropped all but the breach-of-contract claim by the time Seguin filed its notice of appeal. Seguin made some arguments in its briefs and in oral argument that were not present in the Georgetown case. These additional arguments attempt to distinguish cases and offer policy arguments for why cities do or should have immunity from suit regarding actions taken—including contracts made—in furtherance of proprietary functions. The LCRA's additional contract claim and the additional arguments by Seguin do not persuade us to depart from the reasoning of the majority in the Georgetown case. *See id.* We also see no reason to reiterate its reasoning at length here. *See* Tex. R. App. P. 47.1 (opinions should be "as brief as practicable").

We affirm the trial court's denial of the City of Seguin's plea to the jurisdiction.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: January 15, 2014

3